IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| AL OLMSTEAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 5:19-CV-203-H-BR |
| | § | |
| ROBERT E. HOPPE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS**
**ON PENDING MOTIONS AND RECOMMENDATION OF DISMISSAL**

Plaintiff AL OLMSTEAD (a.k.a. James Alan Olmstead), acting pro se, filed this lawsuit against multiple defendants alleging defendants are a part of a group conspiracy involving Securities and Exchange Commission crimes, embezzlement of public funds, and violations of the religious rights of plaintiff under the Texas Constitution.

Plaintiff has previously pursued state-court litigation against several of the named defendants in this lawsuit and has also filed other federal lawsuits related to the basis for his current complaint. As a result of past rulings in other cases filed by plaintiff in the Lubbock Division of the Northern District of Texas, plaintiff seeks a change of venue in this case (ECF 59) and the disqualification of defense counsel (ECF 47). Defendants have filed a motion to strike the Fourth Amended Complaint (ECF 41), motions for dismissal (ECF 19, 21, 23, 31, 38, 39, 44)[1], motions for pre-filing injunctive relief based on Rule 11 violations (ECF 25 and 32), and motions for costs

---

[1] As discussed below, the Court ordered plaintiff to submit a corrected version of his Third Amended Complaint by specific order. (ECF 18). Plaintiff submitted the Third Amended Corrected Complaint (ECF 30) in response to this Court's order. Defendants renewed their respective motions to dismiss following the filing of the Third Amended Corrected Complaint, and these motions are currently before the Court. (ECF 38, 39, 44).

(ECF 45). The plaintiff's only responses to these motions are two single-page documents. In the first, plaintiff asserts that the amended complaint(s) terminated several of the defendants' prior motions before the Court (ECF 42). In the second (ECF 48), plaintiff argues that civil conspiracy law provides subject matter jurisdiction over this case but provides no application of the law to the facts of his case; otherwise, the majority of the defendants' motions remained unanswered by the plaintiff. All motions are referred to the undersigned for recommendation.

## I.      FACTUAL AND PROCEDURAL HISTORY

**A. Factual History**

Plaintiff has alleged defendants are part of a group conspiracy involving Securities and Exchange Commission crimes, embezzlement of public funds, and violations of the religious rights of plaintiff under the Texas Constitution. Plaintiff has sued local government officials, attorneys, and municipalities. Plaintiff alleges all violations occurred in Lamb County, Texas. Plaintiff's complaint does not list specific actions taken by each separate defendant that violate his personal rights. Rather, plaintiff alleges his claims arise from a conspiracy of all defendants to commit violations that violate his rights as a taxpayer.

**B. Procedural History of this Lawsuit**

Plaintiff Al Olmstead filed this federal lawsuit on September 26, 2019 and paid the filing fee. (ECF 1, 3). On October 9, 2019, plaintiff filed his First Amended Complaint. (ECF 6). On November 6, 2019, plaintiff filed his Second Amended Complaint. (ECF 7). On November 27, 2019, plaintiff filed his Third Amended Complaint. (ECF 10). Due to deficiencies in the Third Amended Complaint, the Court ordered plaintiff to submit a corrected pleading. (ECF 18). Shortly thereafter, on December 6, 2019, defendants Lamb County, Texas and Say field a Motion to Dismiss. (ECF 19). Defendants the City of Littlefield and Grant filed a Motion to Dismiss on

December 7, 2019. (ECF 21). Defendants Joella Lovvorn and K. Brett Wesner filed a Motion to Dismiss on December 7, 2019 as well. (ECF 23).

On December 10, 2019, defendants City of Littlefield, Grant, Lamb County, Texas, and Say filed a Motion to Impose Pre-Filing Injunction. (ECF 25–26). The following day these four defendants filed an Answer to the Third Amended Complaint. (ECF 29). On December 16, 2019, plaintiff filed his Third Amended Corrected Complaint, as ordered by the Court. (ECF 30). On the same day, defendants Hoppe and the Texas Methodist Foundation filed a Motion to Dismiss and a request to join the Motion for Pre-Filing Injunction. (ECF 31–32). On December 18, 2019, defendants Grant and Say filed Notice with the Court of plaintiff's abusive and threatening emails to counsel. (ECF 34–35).

On December 20, 2019, plaintiff filed a Fourth Amended Complaint without leave of the court. (ECF 36). That same day, defendant Hoppe filed a revised Motion to Dismiss. (ECF 38). On December 23, 2019, defendants Grant and Say filed a revised Motions to Dismiss, an Answer to the Third Amended Corrected Complaint, and a Motion to Strike the Fourth Amended Complaint. (ECF 39–41). Plaintiff filed a response to the first three motions to dismiss (ECF 19, 21, and 23) on December 27, 2019. (ECF 42). On the same day, plaintiff also filed a Response to the Notice of Threatening Communications. (ECF 43).

On December 30, 2019, defendant Lovvorn filed a revised Motion to Dismiss. (ECF 44). Defendants Grant and Say filed a Motion for Costs. (ECF 45). Plaintiff filed a Motion to Remove Defense Counsel on January 2, 2020, which he later supplemented. (ECF 47, 49, 55). On January 9, 2020, plaintiff filed a single-page response to the defendants' challenges to subject matter jurisdiction in this lawsuit. (ECF 48). Defendants Grant and Say filed a Response to plaintiff's request to remove counsel. (ECF 50–51). On January 16, 2020, defendants filed a Second Notice

of Threatening Emails to Counsel. (ECF 52–53). On January 21, 2020, plaintiff filed a request to withdraw his voluntary dismissal of defendants Grant and Say. (ECF 54). Finally, plaintiff filed a Motion for Change of Venue on February 11, 2020. (ECF 59). Defendants Grant and Say responded on March 3, 2020. (ECF 60–61).

Most recently, and most concerning to the Court, defendants Grant and Say filed a Notice of Vile Threats Against the Court and Counsel, indicating that plaintiff's threats and accusations against the judiciary and counsel have increased in their tone. (ECF 64, p. 2; ECF 65). Plaintiff's correspondence to counsel that is referenced in the Notice indicates his intent to file a Reply to the defendants' Response to plaintiff's request for a change of venue.

## II.      FINDINGS AND ANALYSIS

### A. Plaintiff's Motion to Change Venue

On February 11, 2020, plaintiff filed a request for a change of venue. Plaintiff requests this case be transferred to another division *within this district*. By his motion, plaintiff asserts that United States Senior District Judge Sam Cummings, his former clerk Mark McBrayer, and multiple area attorneys (including defense attorneys in the present case) are part of a conspiracy designed to embezzle public funds. Plaintiff claims other state court judges and legislators are part of this conspiracy and that, due to immunity, he cannot bring this lawsuit against judges or legislators. Further, plaintiff claims this "corruption" has "spread to encompass every other judge and magistrate judge within this district, to such an extent that no ruling can be obtained on any topic, not even on the topic of this Court's personal jurisdiction." (ECF 59, p. 2). Although plaintiff seeks a division transfer within the district, he makes allegations against every judge in this district, not solely the Lubbock Division of the Northern District of Texas. *Id*. at 1–2.

4

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Plaintiff cites this provision as authority for his motion. Plaintiff acknowledges by his Third Amended Corrected Complaint that venue is appropriate where filed because the defendants' actions that are the subject of the complaint occurred in Lamb County, Texas. (ECF 30). As venue is appropriate in the Lubbock Division, based on the location of the parties and the underlying factual claims, plaintiff's motion is, in effect, a challenge to the impartiality of the judges of this district to hear this case. As such, plaintiff actually seeks recusal of all the judges of this district, rather than a change of venue to a different division or judge within this district. Plaintiff does not argue by his motion that venue is otherwise improper or that all parties have consented to a change of venue. Additionally, it is plaintiff who selected the original venue when filing his suit. Plaintiff makes no specific allegations of bias against the currently assigned district judge or the undersigned magistrate judge; rather, plaintiff merely argues all judges in this district are part of a joint conspiracy. In another motion before this Court, plaintiff states "this Court has used every available means to protect a common thief, Felix Klein, from civil prosecution, merely because, or astonishingly because, he is presiding judge of the 154th District Court of Texas…this court must decide if it will knowingly join Judge Klein as a conspirator in on-going securities fraud… ." (ECF 47, p. 2).

Title 28 U.S.C. § 455 governs recusal of federal district judges. Section 455(a) requires that a judge "shall recuse himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) further provides that the judge "shall also disqualify himself … [w]here he has a personal bias or prejudice concerning a party … ." *See In re Chevron U.S.A., Inc.*,

121 F.3d 163, 165 n.3 (5th Cir. 1997). Recusal is also required when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Recusal can be based on extrajudicial factors, such as family relationships, or intrajudicial factors, such as those events occurring in the court of proceedings. *Liteky v. United States*, 510 U.S. 540, 555 (1994). In either event, "bias by an adjudicator is not lightly established." *Richardson v. Quarterman*, 537 F.3d 466, 474 (5th Cir. 2008) (citations omitted).

Plaintiff's motion argues that certain rulings by "this Court," presumably referencing the United States District Court for the Northern District of Texas, Lubbock Division, reflect "joinder" in the alleged conspiracy of state District Judge Felix Klein. Plaintiff's motion also specifically references this Court's ability to make a determination of its own jurisdiction. (ECF 59, p. 2). Interestingly, United States Senior District Judge Sam Cummings previously dismissed two lawsuits filed by plaintiff, and issued warnings concerning future filings and the possible imposition of sanctions, based on plaintiff filing suits that lacked a jurisdictional basis. *See Olmstead v. Pigg*, Cause No. 5:17-CV-044-C (N.D. Tex. 2017); *Olmstead v. Klein*, *et al.*, Cause No. 5:17-CV-090-C (N.D. Tex. 2017). "Adverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

Plaintiff has presented absolutely no support for his conclusory "conspiracy" claims regarding his view of the bias of the judges of this district. Further, his argument that the prior adverse rulings in these two cases resulted from the involvement by multiple state and federal judges, members of the local bar, and legislators in an alleged conspiracy to commit criminal

offenses is entirely conclusory and also intentionally demeaning to the judicial process. It also appears that such argument is merely an attempt to forum shop in order to continue to pursue abusive litigation against these defendants. Finally, plaintiff indicates that this Court "will join" the conspiracy *based* on its rulings in this matter; this reasoning entirely reflects the self-serving nature of these allegations.

For these reasons, plaintiff's motion for change of venue (ECF 59) should be DENIED.

## B. Defendants' Motion to Strike Fourth Amended Complaint

On December 23, 2019, defendants Grant and Say filed a Motion to Strike Plaintiff's Fourth Amended Complaint. (ECF 41).[2] By the motion, these defendants argue that Plaintiff has violated Federal Rules of Civil Procedure 11, 15 and 41.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within 21 days of serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1)(A), (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

When a plaintiff amends its complaint without consent or leave of the court, either the entire complaint or that part of the complaint that is added without leave may be stricken. *Clapper v. Am. Realty Inv'rs, Inc.*, No. 3:14-CV-2970-L, 2019 WL 5865709, at *6 (N.D. Tex. Nov. 7, 2019) (citing as examples *Barbour v. City of Forney*, 2015 WL 4094005, at *3 (N.D. Tex. June

---

[2] Although defendants argue that plaintiff's Third Amended <u>Corrected</u> Complaint was also a violation of the Federal Rules of Civil Procedure, they do not appear to challenge this filing (ECF 30) as the live pleading. Rather, defendants challenge plaintiff's ability to drop parties named in the Third Amended Complaint (ECF 10) who filed answers prior to amendment. As the Court ordered plaintiff to correct errors (ECF 18) in the Third Amended Complaint, this filing was allowed by the Court. However, the Court's order did not permit plaintiff to voluntarily dismiss parties who had already filed an appearance to prior complaints.

17, 2015); *BPW Rhythmic Records, L.L.C. v. CDNOW, Inc.*, 2000 WL 15126620, at *1 (S.D. Tex. Oct. 12, 2000); *CAPPA Fund III v. ACTTHERM Holding, a.s.*, 2010 WL 3766754, at *3 (N.D. Tex. Sept. 27, 2010)).

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Clapper*, 2019 WL 5865709 at *6 (citing *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985); *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff filed no response to the Motion to Strike the Fourth Amended Complaint. Further, submissions by defendants, plaintiff's own filing patterns and submissions in this case, as well as his similar conduct in prior litigation in this District and in various state-court proceedings, indicate to this Court that plaintiff violated Rule 15 for purposes of harassment and delay. For example, plaintiff submitted a single page response (ECF 42) to three motions to dismiss (ECF 19, 21, 23) filed by all defendants named in the Third Amended Complaint. Plaintiff's only response was that the subsequently filed amendment terminated the defendants' pending motions. (ECF 42). Further, defendants submitted email communications received from plaintiff, wherein plaintiff indicates that he continues to use the litigation process, to deliberately create more work and burden on defendants' counsel (his "true targets") and force additional litigation expenses. (ECF 25–26, 34–35, 52–53). Specifically, plaintiff has indicated by email:

> "You're just another [expletive deleted] thief and, in January 2020, I'm going to send you to prison for securities fraud. And, frankly, **I don't give a [expletive deleted] whether you join a motion to dismiss or not**. I've got just about everything I need to support a criminal complaint for 2019 as well as for 2018." (ECF 34–35) (emphasis added).

8

"Please further take note that, in a US District Court civil action, I have no duty to give timely notice of offense and damaages [sic] to any Texas government entity. So, as City Manager, you will need to make arrangements for termination of City services and furloughs of City employees in **order to pay legal expenses that are conservatively estimated at $250,000.00 per year over the next two to three years**." (ECF 26-3, p. 10) (emphasis added).

"I showed you my 'nice' side Now, here's my other side … At FRCP 15(a)(1)(A), I have one remaining amendment of my complaint as a matter of course, without Court permission … No matter what you answer … Mr. Richards and your law firm will be named as defendants in this case." (ECF 26-3, p. 13).

"Be advised the three of you [Matt Metzner, Morgan Day Vaughn, and Don R. Richards] **are my true targets** and that the main purpose of seeing this federal lawsuit through is to initiate complaints against the three of you before the disciplinary committee of the Texas State Bar." (ECF 26-3, p. 16) (emphasis added).

"I keep asking, and nobody answers, are we having fun yet?" (ECF 26-4, p. 7).

"Do you have any idea how many times I have been threatened with criminal prosecution by stupid lawyers and even stupid-er [sic] judges over the past 62 years?" (ECF 26-4, p. 19).

"With limited ability to plan for future events, defense counsel Ms. Vaughan and Mr. Matzner failed to anticipate that Olmstead might amend his citation of subject matter jurisdiction. Furthermore, **in their exaggerated opinion of self-worth**, they flatly ignored Olmstead's written notice of intent to file a 'Fourth Amended Complaint.' " (ECF 43, p. 3) (emphasis in original).

"Ain't [sic] it jus' wunnerful [sic] **how easy it is to fire off phony lawsuits** again' folks!" (ECF 26-4) (emphasis added) (addressed to defendant Grant).

Based on plaintiff's clear violations of Federal Rules of Civil Procedure 15(a) and 41(b), and plaintiff's use of the amendment process to cause additional expense and delay in this case for his own purposes, the Court should STRIKE the entire Fourth Amended Complaint as abusive. Further, plaintiff filed a single-page response (ECF 48) to the pending motions to dismiss filed by defendants after the Third Amended <u>Corrected</u> Complaint was filed, which, contrasted with his prior response (ECF 42), indicates he understood these motions were before the Court despite the filing of his Fourth Amended Complaint. This is especially true in light of his failure to respond

to the pending Motion to Strike the Fourth Amended Complaint. Therefore, plaintiff should not be permitted to file additional responses to the Motions to Dismiss in response to the Court striking his Fourth Amended Complaint.

For these reasons, the Court recommends that defendants' motion to strike the Fourth Amended Complaint be GRANTED.

## C. Plaintiff's Motion for Withdrawal of Voluntary Partial Dismissal

On January 21, 2020, plaintiff filed a "Withdrawal of Motion for Voluntary Dismissal Against Defendants Grant and Say." (ECF 54). By his motion, plaintiff indicates that, in his response (ECF 43) to the defendants' notice of threats (ECF 34) in support of defendants' request for pre-filing injunctive relief, plaintiff did not wish to pursue his claims against these two defendants. However, the Court did not interpret that filing as a Rule 41 voluntary dismissal request. Further, when plaintiff filed this response, defendants Grant and Say had already filed an answer to the Third Amended Complaint (ECF 10). As such, voluntary dismissal without approval of the Court was not automatic and claims against these parties could not automatically be withdrawn by plaintiff.

Therefore, the Court recommends that plaintiff's requested relief, to pursue his claims against defendants Grant and Say, be GRANTED. Withdraw of these claims post-answer requires Court approval. As plaintiff wishes to proceed against these defendants, the Court will no longer consider his request for voluntary dismissal post-answer. The motions filed by these defendants are considered below.

## D. Plaintiff's Motion to Remove/Disqualify Defense Counsel

By his motion to remove defense counsel (ECF 47), plaintiff argues that the attorneys representing the defendants in this matter are part of the conspiracy to commit criminal violations

10

and theft of public funds. As such, plaintiff argues that the Court must strike all filings submitted by these attorneys on behalf of their clients. Further, plaintiff submits that he makes a "special appearance" to challenge the involvement of defense counsel to represent the City of Littlefield and Lamb County, Texas. (ECF 47). These two parties were named as defendants in plaintiff's Third Amended Complaint (ECF 10).[3] Further, plaintiff's Fourth Amended Complaint added civil defense attorney Matt Matzner, and his employee Morgan Day Vaughn, to this lawsuit as defendants. (ECF 36).[4]

Insofar as plaintiff argues that this Court lacks personal jurisdiction over defendants City of Littlefield and Lamb County, Texas, the plaintiff cannot challenge this Court's personal jurisdiction over defendants named by plaintiff in his Third Amended Complaint. (ECF 10). A challenge to personal jurisdiction is a defense remedy available to a *defendant*, not a plaintiff. *See Higgins v. Bank of Am., N.A.*, 3:12-CV-5297-N-BN, 2013 WL 2370564 at *4 (N.D. Tex. May 31, 2013) (citations omitted); *see also* Fed. R. Civ. P. 12(b)(2). By asserting claims against these defendants and serving them with process, the plaintiff cannot challenge the Court's personal jurisdiction over these parties. These defendants have not challenged this Court's personal jurisdiction over them by their answer or other pleading. Rather, these parties have filed Motions to Dismiss challenging the Court's subject matter jurisdiction to hear this lawsuit.

Plaintiff seeks to disqualify counsel from representing defendants in this lawsuit on the basis that the attorneys are also engaged in the "conspiracy" that is the subject of this lawsuit. "A motion to disqualify counsel is the proper method by which an issue of unethical conduct or a

---

[3] The Third Amended Complaint (ECF 10) was later corrected by this Court's Deficiency Order (ECF 18), to be the live pleading, the Third Amended Corrected Complaint (ECF 30). However, prior to filing the corrected complaint, defendants City of Littlefield and Lamb County, Texas, filed appearances (motions to dismiss and an answer, ECF 19, 21, 29). As such, plaintiff's failure to include these parties in his Third Amended Corrected Complaint does not result in the automatic termination of these parties from this lawsuit.

[4] As addressed herein, the Motion to Strike the Fourth Amended Complaint should be GRANTED.

conflict of interest should be brought to the attention of the court." *Taylor v. Acad. Partnerships, LLC*, No. 3:19-CV-01764-K-BN, 2019 WL 6619808, at *9 (N.D. Tex. Nov. 5, 2019), report and recommendation adopted, No. 3:19-CV-01764-K, 2019 WL 6619385 (N.D. Tex. Dec. 4, 2019) (citing *In re Am. Airlines, Inc.*, 972 F.2d 605, 611 (5th Cir. 1992)). "The canon of ethics developed by the American Bar Association provides one source for standards of professional conduct … and the Court must also consider the Texas Disciplinary Rules of Professional Conduct, which govern attorneys practicing in Texas generally, and the Court's own rules." *Taylor*, 2019 WL 6619808 at *9 (citing *FDIC v. U.S. Fire Ins. Co*., 50 F.3d 1304, 1312 (5th Cir. 1995)).

"A disqualification inquiry, particularly when instigated by an opponent, presents a palpable risk of unfairly denying a party the counsel of his choosing." *Id*. (citing *U.S. Fire Ins. Co*., 50 F.3d at 1316). "Disqualification motions have potential to be used as 'procedural weapons' in litigation, intended 'to advance purely tactical purposes,' including delay or harassment." *Id*. (citing *Am. Airlines*, 972 F.2d at 611). Both state and national rules recognize that "a party may invoke a claim of disqualification simply to harass an opponent." *Id*. (citing *U.S. Fire Ins*., 50 F.3d at 1316; *Galderma Labs., L.P. v. Actavis Mid Atl. LLC*, 927 F. Supp. 2d 390, 395 (N.D. Tex. 2013) ("When the Model Rules are invoked as procedural weapons, the party subverts the purpose of the ethical rules." (citing Model Rules of Professional Conduct, Scope, cmt. 20 (2010)))).

"In light of their potential for abuse, therefore, a court must closely scrutinize motions to disqualify." *Id*. (citing *Am. Airlines*, 972 F.2d at 611; *Centerboard Sec*., 2016 WL 3126238, at *1). When an opponent raises the question of disqualification for purely strategic purposes and prevails, "public confidence in the integrity of the legal system is proportionately diminished." *Id.* (citing *U.S. Fire Ins*., 50 F.3d at 1316). Disqualification of an attorney is thus, without question, a sanction the court must not impose cavalierly. *Id*.

Plaintiff has not met his burden to establish why disqualification of counsel is warranted. Plaintiff's claims of conspiracy and his filings throughout this lawsuit and previous litigation indicate that plaintiff will include anyone in the "conspiracy" allegations who attempts to defend individuals he has sued, including state and federal judges. As such, plaintiff could merely repeatedly file such motions for any counsel attempting to represent the defendants in this case, in the same manner plaintiff could continue to request recusal of any judge who issues an adverse ruling against plaintiff's interests. Plaintiff's litigation history, outlined in these Findings and Conclusions, reflects plaintiff repeatedly files suit against any individual involved in litigation proceedings he initiates, including defense counsel, judges, and state officials.

For these reasons, plaintiff's motion to remove defense counsel in this matter should be DENIED.

**E. Defendants' Request for Pre-filing Injunction**

This case appears to be an ongoing pattern with this plaintiff in pursuing litigation as a means of harassment against these defendants.

"The district court has the power under 28 U.S.C. § 1651(a) to enjoin litigants who are abusing the court system by harassing their opponents." *McMullen v. Cain*, A-17-CA-0103-LY, 2017 WL 4510594, at *2 (W.D. Tex. Feb. 23, 2017), report and recommendation adopted, 1:17-CV-103-LY, 2017 WL 4506814 (W.D. Tex. June 22, 2017) (quoting *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980)). "The court's power to enter such orders flows not only from various statutes and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket." *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 360 (5th Cir. 1986). A pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id*. "Sanctions may be

appropriate when a pro se litigant has a history of submitting multiple frivolous claims." *Campbell v. Maye*, A-10-CA-463 LY, 2010 WL 2671725, at *5 (W.D. Tex. June 30, 2010), aff'd, 428 F. App'x 382 (5th Cir. 2011) (citing Fed. R. Civ. P. 11; *Mendoza v. Lynaugh,* 989 F.2d 191, 195–97 (5th Cir. 1993)).

Defendants request a declaration in federal court that plaintiff is a "vexatious litigant" and seek a broad pre-filing injunction. In determining whether to grant such relief, courts consider the following four factors: (1) the party's history of litigation, in particular whether [the party] has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Paselk v. Bayview Loan Servicing, LLC*, No. 6:16-CV-1383-RWS-KNM, 2017 WL 4294130, at *7 (E.D. Tex. Aug. 11, 2017), report and recommendation adopted, No. 6:16-CV-1383-RWS-KNM, 2017 WL 4285686 (E.D. Tex. Sept. 27, 2017), aff'd sub nom. *Paselk v. Bayview Loan Servicing, L.L.C.*, 746 F. App'x 411 (5th Cir. 2018); *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (quoting *Cromer v. Kraft Foods N. Am., Inc*., 390 F.3d 812, 818 (4th Cir. 2004)).

The courts in this district have strictly construed this four-part test to result in the "least restrictive" sanction to ensure adherence by a pro se plaintiff to the Federal and Local Rules of Civil Procedure, as required. *See Baum*, 513 F.3d at 189; *cf. Ewing v. Rushmore Loan Management Servs.*, No. 3:16-CV-3022-G-BK, 2018 WL 1384468, at *4–6 (N.D. Tex. Feb. 23, 2018) (granting a limited pre-filing injunction regarding the subject matter of suits brought by pro se litigant); *Budri v. FirstFleet Inc.*, No. 3:19-CV-0409-N-BH, 2019 WL 5580105, at * 6 (N.D. Tex. Sept. 20, 2019) (denying a pre-filing injunction because plaintiff was not previously determined to be a vexatious litigant by any court and lesser sanctions including warnings were warranted first).

14

Additionally, the Fifth Circuit has affirmed a pre-filing injunction against a pro se plaintiff to "prevent him from filing any motions, actions, or complaints in the United States South District Court for the Southern District of Texas that directly or tangentially raised an issue adjudicated in the [sanctionable] case without first obtaining leave of the court." *Thanedar v. Time Warner, Inc.*, 352 Fed. App'x. 891, 900 (5th Cir. 2009). Although that injunction was specific to the particular district courts in a single district, this case involves filings across state and federal courts and thus indicates that plaintiff will sue any means necessary to go after "his true targets."

Here, plaintiff's history of litigation indicates that lesser sanctions are unwarranted. Only imposing a pre-filing injunction will deter plaintiff from filing additional harassing lawsuits. Plaintiff previously was declared a vexatious litigant in state court proceedings. *See Thomas Stern and Lincoln Trust Co. FBO Thomas Stern v. Olmstead*, No. DCV-19469-16 (Nov. 15, 2017), 154th District Court of Lamb County, Texas (Order on Plaintiff's Motion to Declare Defendant Al Olmstead a Vexatious Litigant). Additionally, plaintiff was warned by the federal court of this division that future filings lacking subject matter jurisdiction or filed for purposes of harassment would render him a vexatious litigant. *See Olmstead v. Pigg, et al.*, No. 5:17-CV-090-C (N.D. Tex. July 19, 2017) (Order Denying Sanctions) (plaintiff Olmstead warned that "any future lawsuits that the Court determines to be frivolous or brought in bad faith may result in the imposition of monetary sanctions or a vexatious-litigant filing ban."); *see also Olmstead v. Pigg*, No. 5:17-CV-044-C (N.D. Tex. May 31, 2017) (Order Dismissing Case) (plaintiff Olmstead's case dismissed for lack of subject matter jurisdiction).

Plaintiff's own filings indicate that, in at least his first three amended complaints, he is aware that subject matter jurisdiction was lacking in this lawsuit. (ECF 43, p. 3) (email from Al Olmstead stating: "With limited ability to plan for future events, defense counsel Ms. Vaughan

and Mr. Matzner failed to anticipate that Olmstead might amend his citation of subject matter jurisdiction. Furthermore, in their exaggerated opinion of self-worth, they flatly ignored Olmstead's written notice of intent to file a 'Fourth Amended Complaint.' ") (emphasis removed). Further, by his challenge to this Court's authority to even determine jurisdiction, he indicates that he is aware that jurisdiction is lacking. (ECF 59). Additionally, pre-filing communications with potential defendants indicate that plaintiff files lawsuits with the purpose of harassing litigants and pursing ulterior motives. Several of plaintiff's email communications reflect his intent to harass litigants and file court documents that lack a valid basis for filing:

> "In the end, **even if you win everything, I lose nothing**." (ECF 35-1, p. 9) (emphasis added).

> "Mutually agreed **voluntary dismissal seems best for all parties**." (ECF 35-1, p. 9) (emphasis added).

> "The attached Fourth Amended Complaint will be filed tomorrow, **at which time your motion for 12(b)(6) dismissal of my Third Amended Complaint is dead in the water** as the Third Amendment itself … Count the days. You **can't get my case dismissed in time** to stop me from adding criminal complaint for FY 2019 securities fraud to that of FY2018." (ECF 35-1, p. 10) (emphasis added).

> "If you're pinning your hope of dismissal under 12(b)(6) regarding my Third Amended Complaint, then you're whistling proverbial Dixie. Tomorrow, **Third Amendment will die a swift and well-deserved death**." (ECF 35-1, p. 11) (emphasis added).

> "It is going to cost about a quarter of a million dollars to deal with me. His lawyers are all now defendants, your lawyers are all now defendants, the judges are now defendants …" (ECF 26-13, recording) (ECF 26-14, attached YouTube Videos with plaintiff discussing his intent to file harassing lawsuits).

Third, the plaintiff has deliberately filed amended complaints knowing he would file other amended complaints in the future, forcing defendants to also file numerous responses. (ECF 1, 6, 7, 10, 30, 36). Plaintiff has wasted the Court's judicial resources with these unnecessary filings. Further, plaintiff's litigation history in state court also supports his pattern of voluminous and

harassing filings. *See Thomas Stern and Lincoln Trust Co. FBO Thomas Stern v. Olmstead*, No. DCV-19469-16 (Nov. 15, 2017), 154th District Court of Lamb County, Texas. Plaintiff has filed (or was a defendant in) the following lawsuits in state and federal courts, and frequently named judges and attorneys as defendants in these lawsuits for purposes of harassment:

> *Olmstead v. Stringer*, No. 3:04-CV-00517-SMM-CRP (D. Arizona) (Apr. 15, 2004) (citing pleadings from J-0842-CV-200400109, an Arizona state court matter) (dismissing writ of habeas corpus Al Olmstead filed against a municipal judge who entered an adverse ruling against Olmstead).

> *Olmstead v. Sam Harris*, No. 46620 in the 118th Judicial District Court of Howard County, Texas (July 28, 2010) (Order dismissing Olmstead's case) (plaintiff Olmstead added defendant's attorney to proceedings after attorney filed appearance in case).

> *Ron Howell v. Al Olmstead*, No. 1:12-CV-017-C (N.D. Tex. Feb. 9, 2012) (Order remanding suit removed by Olmstead back to state court) (Olmstead filed cross-claims against his landlord in an eviction suit, and mocked the court's jurisdiction).

> *Olmstead v. Drew Mouton, Mouton and Mouton, LLC*, No. 50234 in the 118th District Court of Howard County, Texas (Olmstead filed a complaint because the county sheriff seized real property for delinquent taxes, two weeks after filing, Olmstead amended claims to include attorneys, judges, state officials and government employees from multiple previous litigation filings).

> *Thomas Stern and Lincoln Trust Co. FBO Thomas Stern v. Olmstead*, No. DCV-19469-16 (Nov. 15, 2017), 154th District Court of Lamb County, Texas (Mr. Stern filed a complaint against Olmstead for his harassing communications and threats that occurred when Olmstead brought suit in a Justice of the Peace proceeding; attorney Harold Pigg represented Mr. Stern in the lawsuit, and Olmstead later brought multiple suits against Mr. Pigg and Judge Klein) *See Olmstead v. Pigg, et al.*, No. 5:17-CV-090-C (N.D. Tex. July 19, 2017); *see also Olmstead v. Pigg*, No. 5:17-CV-044-C (N.D. Tex. May 31, 2017).

> *Olmstead, Trustee, Ben Warren v. Littlefield Estates, LLC, et al.*, No. DCV-20171-19 (Olmstead filed a complaint in state court where he brings several claims substantially the same as the claims in the present federal lawsuit; these include claims against judges and attorneys and prior litigants).

In comparing this case with the other pre-filing injunctions issued from this district, the Court finds that alternative sanctions, further warnings, or a limited pre-filing injunction related

solely to the named defendants, will not adequately deter plaintiff from making frivolous and harassing filings in the future. As outlined above, plaintiff's litigation history, combined with his filings in this case, show his intent to file this lawsuit solely as a means of harassment. As such, the Court recommends the imposition of a pre-filing injunction against future civil litigation in any federal district court, unless plaintiff first meets the requirements set forth in the recommendation below.

### 1. Plaintiff's Rule 11 Violations

Filing a groundless lawsuit for the purpose of revenge and harassment is the essence of sanctionable conduct and precisely the type behavior proscribed by Federal Rule of Civil Procedure 11, necessitating that sanctions and a vexatious litigant order be imposed to control this frivolous pro se litigant and prevent future abuse. *See* Fed. R. Civ. P. 11.

"Rule 11(b) provides that by presenting a filing to a court, attorneys and pro se litigants are certifying that to the best of their belief, after reasonable inquiry, (1) the filing is not being presented for an improper purpose, such as harassment, delay, or increasing costs; (2) any claims and/or defenses in the filing are supported by either existing law or by a nonfrivolous argument for changing existing law or establishing new law; and (3) factual contentions have or will likely have evidentiary support." *Copeland v. Minton*, 3:16-CV-726-L, 2016 WL 7971584, at *8 (N.D. Tex. Dec. 29, 2016), report and recommendation adopted, 3:16-CV-726-L, 2017 WL 303025 (N.D. Tex. Jan. 23, 2017) (citing Fed. R. Civ. P. 11(b)). "The purpose of the rule is to 'deter baseless filings in district court,' *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and 'to spare innocent parties and overburdened courts from the filing of frivolous lawsuits.' " *Id*. (citations omitted). Plaintiff has proceeded in this case pro se, but the Rule applies equally to

18

attorneys and to unrepresented parties. *See Hicks v. Bexar County, Texas*, 973 F. Supp. 653, 687 (W.D. Tex. 1997), aff'd, 137 F.3d 1352 (5th Cir. 1998).

"After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions." *Copeland*, 2016 WL 7971584, at *8 (citing Fed. R. Civ. P. 11(c)(1)). "These may include monetary and injunctive sanctions, and even dismissal." *Farguson*, 808 F.2d at 359-60. "Courts have a duty to 'impose the least severe sanction adequate' to deter future conduct." *Mendoza*, 989 F.2d at 196 (quoting *Akin v. Q–L Invs., Inc*., 959 F.2d 521, 535 (5th Cir. 1992)); accord Fed. R. Civ. P. 11(c)(4)). "The moving party has the burden to overcome the presumption that pleadings are filed in good faith." *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000).

Although defendants' request for a pre-filing injunction does not include a specific request for Rule 11 sanctions, despite referencing violations of such rule, plaintiff has clearly violated the Federal Rules of Civil Procedure 11. The Court cannot impose Rule 11 sanctions absent strict compliance with the "safe harbor" provision, requiring defendants to notify plaintiff 21 days in advance of filing a motion with the Court of a Rule 11 violation. *Copeland*, 2016 WL 7971584, at *3. As such, the Court recommends that the United States District Judge issue a WARNING to the plaintiff regarding any future litigation.

### 2. Plaintiff's Sanctionable Conduct under Rule 41(b) and Dismissal with Prejudice

Involuntary dismissal with prejudice of a pro se plaintiff's complaint is permissible in situations where plaintiff was previously warned against certain behavior and, notwithstanding prior court warnings, plaintiff knowingly violates those prior court orders. *See Petito v. Brewster*, 562 F.3d 761, 763 (5th Cir. 2009). Here, plaintiff was previously warned by United States Senior District Judge Sam Cummings against filing lawsuits without subject matter jurisdiction. Despite

these warnings and the court's order to refrain from filing such lawsuits, plaintiff filed the present lawsuit. As discussed in Section II.F. below, plaintiff's lawsuit lacks subject matter jurisdiction. Additionally, in prior state court proceedings, plaintiff was warned against making threatening or harassing statements to judges, attorneys or other litigants. Plaintiff repeatedly failed to heed such warnings and orders in the present case. As such, a dismissal with prejudice in the present case is appropriate. *Id*. at 763 (holding that a plaintiff cannot expect "his action to proceed after debasing judicial proceedings with vulgar insults, or, more worryingly, issuing threats to opposing counsel, conduct that may be criminal.").

The Court must consider the following factors before dismissing an action with prejudice based on a litigant's refusal to follow court orders:

(1) The refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;

(2) The violation of the [Court's] order must be attributable to the client instead of the attorney;

(3) The violating party's misconduct "must substantially prejudice the opposing party;" and

(4) A less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. Am. Airlines*, 283 Fed. App'x. 289, 291 (5th Cir. 2008) (per curiam) (citations omitted). In the present case, plaintiff is acting as his own attorney and has indicated by his conduct that his refusal to comply with United States Senior District Judge Sam Cummings' order to only file cases with subject matter jurisdiction is deliberate and in bad faith. The actions of the plaintiff have substantially prejudiced the opposing parties in this lawsuit by forcing them to respond to repeated filings based on plaintiff's manipulation of the Federal Rules of Civil Procedure. Further, plaintiff's inclusion of threatening and harassing and disrespectful language toward any judge,

20

attorney, or litigant involved in his case indicates that a less drastic sanction would not substantially achieve the desired deterrent effect. Multiple communications by plaintiff reflect his abusive and threatening communications towards state officials, attorneys, litigants, and judges and also reflect his disdain and lack of respect for the judicial process and judicial resources:

> Email to Judge Kelly Moore, Retired District Judge Edward Self, District Judge Pat Phelan, and District Judge Felix Klein (dated July 19, 2019), wherein Olmstead threatens a formal complaint he made to the FBI against the judges regarding criminal violations. (ECF 26-4).

> Email to Judge Felix Klein (dated July 20, 2019), wherein Olmstead threatens litigation against Judge Klein and other judges and accuses these judges of embezzlement and wrongdoing. (ECF 26-3).

> Email to defendants and counsel in the present case (dated September 22, 2019), wherein Olmstead indicates that corrupt judges are the reason their "criminal gang" can continue to commit crimes. (ECF 26-3).

> Emails to defendants and counsel in underlying state court case related to this case (dated September 23, 2019), wherein Olmstead sent correspondence to Judge Ana Estevez, who warned Olmstead against ex-parte communications. Olmstead then immediately sent communications regarding his intent to file a motion to recuse Judge Estevez because she "demonstrated the same abject lack of personal honor and professional integrity as has every judge and attorney before her." (ECF 26-3).

> Email communications to counsel in this case (multiple dates throughout litigation). Olmstead's abuse communications, threats and foul language to all litigants and counsel in this matter, after several prior warnings. (ECF 26-1 to ECF 16-14).

On March 6, 2020, counsel for defendants Grant and Say filed a Notice of Vile Threats Against the Court and Counsel. (ECF 64–65). Through his correspondence with opposing counsel, plaintiff makes his utter distain for the judicial process and his complete lack of decorum toward other litigants abundantly obvious. Further, his behavior broaches the criminal, with threats and taunts against those involved in this lawsuit and prior lawsuits. Between March 4, 2020, and March 6, 2020, plaintiff sent nine emails, including audio files, to defendants' counsel. These emails have

increased in frequency since the last Notice filed by defendants of plaintiff's abusive communications.

Additionally, his abuse of counsel, judges, and litigants has increased in severity. This escalation appears to be in direct response to the legitimate defense provided by defense counsel on behalf of his clients, in response to plaintiff's request for a change of venue. Specifically, plaintiff has recently communicated the following correspondence to counsel:

> I'm ending this bullshit one way or another. More than sixty years ago, as a boy down in the Khlong Toi harbor district of Bangkok, I learned that, when one associates with whores, then all one gets is whoring, because whores are not capable of any other way. (ECF 65, p. 8).

> I should not attempt to win a mere motion against a false enemy… but instead focus upon winning the case against the true enemy, the judge. (ECF 65, p. 15).
> I am a certified professional soldier … specialized in guerilla warfare. (ECF 65, p. 15).

> Thus, it is ALWAYS the psychopaths who empower **my direct attacks upon judges**. Without psychopathological myopia in adverse counsel, I would be powerless. (ECF 65, p. 16) (emphasis added).

> In coming weeks and months, **<u>I will be attacking every judge in this case</u>** … any ruling … will be attacked as void … (ECF 65, p. 16) (emphasis added).

> In other words, when you have a **lawless [expletive deleted] as a judge**, then you have no alternative to destroying the case by destroying the court's jurisdiction … they never change because they can't learn. (ECF 65, p. 16) (emphasis added).

> So, boys and girls, settle down for the long haul. **Everything that psychopathological thief Morgan Vaughan** tries to do will be countered by **a direct attack upon the judge** via the imaginary playmate rule. (ECF 65, p. 16) (emphasis added).

> …Eventually, this case will collapse **of its own dead weight to proceed to settlement because your clients are going to run out of money … I have a bottomless annuity in Switzerland and no assets or expenses in America**. (ECF 65, p. 16).

> So thanks, thief Morgan Vaughn. I couldn't have prayed for a more perfect psychopath than you. (ECF 65, p. 16).

In the draft Reply to the defendants' Response to his Change of Venue, plaintiff stated the following:

> This court has been invaded by members of a decade-long, ongoing criminal enterprise, **one small part of which** is described **in an otherwise unrelated civil action** as its assigned presiding judge James Wesley Hendrix (5-20-CV-0047-H-BQ). (ECF 65, p. 11) (emphasis added).

> Those invaders are members of the Texas State Bar, one of whom is a former long-term employee of this court, who is personally well-known by all current judges … (ECF 65, p. 11).

> … all such attorneys relied ever more entirely on Morgan Day Vaughn, **a habitual thief** … and who **fraudulently claims** to represent two geopolitical subdivisions of the State of Texas. (ECF 65, p. 11) (emphasis added).

> … it really doesn't matter if the presiding judge and/or magistrate judge is/are taking cash kickbacks under the table. All that matters is that this case must be removed to independent venue, because **both the judge and the magistrate judge have passively surrendered control of this court to criminals**, and especially to the thief Morgan Vaughn, thus **effectively making themselves passive conspirators in the civil offense complained in this case**. (ECF 65, p. 12) (emphasis added).

> … so many lies have corrupted these proceedings that both judge and magistrate judge are left with "no way out" of their terminal corner: both of them have abandoned the Constitutional definition of this court's limited jurisdiction, have abandoned statutes and case law governing capacity and standing of parties, and have abandoned Rules of Civil Procedure regarding joinder. Both judges of this court want thief Morgan Vaughn and her criminal conspirators to succeed in (1) perverting the rule of law into the rule of lawyers, (2) criminalizing even the slightest civil dispute, and (3) confiscating Constitutional legislative authority to dictatorial judiciary. (ECF 65, p. 12–13).

> Owing to passive permissiveness, neither the judge nor magistrate judge can be distinguished from criminal conspirators in this case. Hope of curing such defects by recusal is simply naïve, when neither judge gives a good [expletive deleted] that he and she are nothing more than facilitators of embezzlement of public funds … (ECF 65, p. 13).

It is clear from these communications and draft filings, that plaintiff will incorporate any judge who does not issue rulings against these defendants in his "conspiracy" theories and will

extend his disrespect and abuse toward any judges, attorneys, and opposing litigants in his cases. For these reasons, the Court recommends that a pre-filing injunction be imposed on plaintiff to prevent future vexatious lawsuits, and defendants' motion be GRANTED. As plaintiff has "added" parties to his conspiracy theory based on any involvement in previous litigation, the Court cannot tailor the pre-filing injunction solely to prevent claims against the named defendants to this lawsuit, or the specific legal claims brought by this plaintiff in this lawsuit. This would clearly not deter plaintiff's filing of harassing lawsuits. The specific language of the pre-filing injunction recommended is included in the recommendations below. Additionally, this Court recommends plaintiff be WARNED against future violations of Federal Rules of Civil Procedure 11 and 41(b), particularly involving harassing or threatening communications and unnecessary filings for purposes of expense and harassment. The recommended warning language is also included below.

## F. Defendants' Individual Motions to Dismiss

Rule 12(b)(1) provides that a defendant may file a motion to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In deciding a Rule 12(b)(1) motion to dismiss, the Court may consider:

    (1) the complaint alone;

    (2) the complaint supplemented by undisputed facts; or

    (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*King v. U.S. Dept. of Veteran's Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (quoting *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)). "The burden of proof for a

Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010.

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*. (citations omitted).[5]

### 1. Rule 12(b)(1) Arguments

Defendants have all challenged this Court's subject matter jurisdiction to hear this case. (ECF 38, p. 2–3, defendants Hoppe, First Methodist Church; ECF 39, p. 2–3, defendants City of Littlefield, Lamb County, Texas, Grant, and Say; ECF 44, p. 2–3, 4–6, defendants Lovvorn and Wesner). Plaintiff filed a single-page response to these challenges alleging:

> To succeed on a claim of civil conspiracy, a plaintiff must prove the following elements: (1) a combination of two or more persons; (2) to do a criminal or unlawful act or a lawful act by criminal or unlawful means; (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object; and (4) which act results in damage to the plaintiff.

---

[5] However, even if this Court were to dismiss claims based on a lack of subject matter jurisdiction, and do so "without prejudice," if the Court determines that plaintiff is a vexatious litigant and a pre-filing injunction should be imposed on plaintiff, such a finding would operate to bar the plaintiff from refiling such claims, absent express advance consent of a district judge in this division. Additionally, if a court determines that a plaintiff has committed a violation of Rule 41(b), the court can dismiss a complaint with prejudice as a result of the violation.

(ECF 48).

Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. *See, e.g., Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173–180, 2 L.Ed. 60 (1803). For that reason, every federal appellate court has a special obligation to "satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review," even though the parties are prepared to concede it. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). The jurisdiction possessed by federal courts as authorized by Constitution and statute cannot "be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A challenge to a court's subject matter jurisdiction "may be raised by a party, or by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

The basic statutory grant of federal-court subject-matter jurisdiction is contained in 28 U.S.C. sections 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction; section 1332 allows for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685 (1946). A plaintiff invokes section 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount in controversy. *See* § 1332(a) (the current amount in controversy must exceed $75,000). The burden of proving that complete diversity exists results upon the party

26

who seeks to invoke the court's diversity jurisdiction. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). Additionally, the party who seeks to invoke this court's diversity jurisdiction must also adequately allege the requisite amount in controversy. *See* § 1332(a). Here, Olmstead and all defendants are citizens of Texas, thus lacking in diversity. Olmstead has not invoked this Court's diversity jurisdiction because the parties do not possess diversity.

A claim invoking federal-question jurisdiction under 28 U.S.C. section 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable. *Bell*, 327 U.S. at 682–683; *see also Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998). The Supreme Court has held that, in order for a claim to arise "under the Constitution, laws or treaties of the United States," "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112 (1936). The federal questions "must be disclosed upon the face of the complaint, unaided by the answer." *Id*. at 113. "The complaint itself will not avail as a basis for jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." *Id*.

Olmstead has asserted various grounds in an attempt to invoke this Court's subject matter jurisdiction under the federal question doctrine. Of note, the Fourth Amended Complaint is not the live pleading, being STRICKEN, and the Third Amended Corrected Complaint is the live pleading. However, the Court notes that plaintiff argues the same statutory authority for this Court's jurisdiction under both pleadings. Plaintiff argues that defendants have committed violations of the Texas Penal Code and other Texas statutes, as a result of a conspiracy.

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *John Corp. v. City of Houston*, 214

F.3d 573, 576 (5th Cir. 2000); *Robinson v. TCI/US W. Communications Inc.*, 117 F.3d 900, 904 (5th Cir. 1997). A court determine whether it lacks subject matter jurisdiction on:

"(1) the complaint alone;

(2) the complaint supplemented by undisputed facts; or

(3) the complaint supplement by undisputed facts plus the court's resolution of disputed facts."

*See Robinson*, 117 F.3d at 904 (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Dismissal based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject-matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the complaint's allegations and presuming their truth. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998) (citations omitted). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

On the basis of the complaint alone, plaintiff attempts to assert this Court's subject matter jurisdiction arises based on the alleged criminal actions taken by defendants. Although plaintiff also makes the statement that the actions of the defendants violated his religious constitutional rights, he has failed to set forth specific factual claims to support such a statement. The prosecution of state and federal offenses falls within the exclusive jurisdiction of the executive branches of the state and federal governments. *See Pierre v. Guidry*, 75 Fed. App'x. 300, 300 (5th Cir. 2003) (unpublished per curiam) (citing *Cort v. Ash*, 422 U.S. 66, 79 (1975)). Plaintiff's attempt to categorize his claims as a "civil conspiracy" in his response (ECF 48), does not show the Court

has jurisdiction over these claims. Further, plaintiff's citation to civil conspiracy law does not show that plaintiff has met his burden to plead facts that support a civil conspiracy claim. Plaintiff wholly failed to direct the Court to portions of his complaint that support this Court's subject matter jurisdiction. A citation to the law does not indicate how the complaint properly pleads facts to support such a claim.

### 2. Rule 12(b)(6) Arguments

As the Court lacks subject matter jurisdiction over plaintiff's claims, the Court will not consider whether these claims should be dismissed under Rule 12(b)(6).

### G. Defendants Grant and Say's Motion for Costs

As outlined above, this Court recommends that the United States District Judge find that plaintiff has violated Rule 41 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 41(d) states:

> (d) **Costs of a Previously Dismissed Action**. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

*See* Fed. R. Civ. P. 41(d). Here, the Court finds that the claims submitted against defendants Grant and Say are substantially the same and based on the same factual reasoning by the plaintiff, as the prior state court claims. Further, the plaintiff specifically warned defendant Say that he would force him to incur costs in state court and then file the same claims in federal court. (ECF 26-3). As such, these defendants are entitled to recover the costs as submitted in their supporting affidavits. As to these defendants' request for a stay of proceedings, such relief is unnecessary based on the Court's recommendation of the dismissal of these claims.

### III.    CONCLUSIONS AND RECOMMENDATIONS

The United States Magistrate Judge makes the following RECOMMENDATIONS to the

United States District Judge:

(1) that plaintiff's Motion for Change of Venue (ECF 59) be **DENIED**.

(2) that Defendants' Motion to Strike Fourth Amended Complaint (ECF 41) be **GRANTED**. Specifically, the district court should STRIKE plaintiff's Fourth Amended Complaint, making the Third Amended Corrected Complaint the live pleading. Insofar as the Third Amended Corrected Complaint does not name the prior defendants to this lawsuit (ECF 10) who filed an answer to the Third Amended Complaint, plaintiff's request to voluntarily dismiss these defendants should be **DENIED**.

(3) that Plaintiff's Motion to Withdraw his Partial Voluntary Dismissal (ECF 54) be **GRANTED**. The claims against defendants Grant and Say are considered herein.

(4) that Plaintiff's Motion to Remove Defense Counsel (ECF 47) be **DENIED**.

(5) that Defendants' Motion(s) for Pre-filing Injunction (ECF 25, 32) be **GRANTED**, as outlined herein. Specifically, before filing ANY CIVIL LAWSUIT IN ANY FEDERAL DISTRICT COURT, the plaintiff must:

    a. File with the Clerk of this Court a motion requesting leave to file a pro se action.

    b. Include in the motion requesting leave: (1) a list of all previously filed federal and state lawsuits, including the case name and number and the current status or disposition; (2) a statement of the legal issues to be raised in the proposed new pleading and whether he has raised these legal issues in any other federal or state proceedings; and if so, list the cause number of all such proceedings; (3) a statement whether he has previously sued any proposed defendant in state or federal proceedings; and if so, list the cause number of all such proceedings; (4) a notarized affidavit that certifies that (i) the legal arguments raised are not frivolous or made in bad faith, (ii) the arguments made are warranted by existing law, (iii) that the action is not interposed for any improper purpose, such as delay, harassment, or to needlessly increase the cost of litigation, and (iv) that he will comply with the Federal Rules of Civil Procedure and the Local Rules; and (5) that plaintiff is aware of the sanction warning and will keep all communications with opposing parties, the attorneys and the courts respectful.

    c. Submit a copy of the proposed new pleading with the request for leave.

(6) If plaintiff fails to submit a proposal for leave with any lawsuit as described in 5.(a) above, such lawsuit may be discarded, without filing, by the Clerk of Court.

(7) that Defendants' individual Motions to Dismiss (ECF 38, 39, 44) be **GRANTED**. Specifically, plaintiff's Third Amended Corrected Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), for a lack of subject matter jurisdiction. Although such dismissal would normally occur without prejudice, the Court recommends dismissal WITH PREJUDICE as a result of plaintiff's Rule 41(b) violations, and the need for the imposition of a pre-filing injunction.

(8) that Defendants Grant and Say's Motion for Costs (ECF 45) be **GRANTED**, and plaintiff should be ordered to pay **$491.95** in recoverable costs.

(9) that plaintiff be **WARNED** that further sanctionable conduct toward judges, litigants, and attorneys shall result in the imposition of monetary sanctions and potentially additional filing restrictions. Such warning should indicate: **Plaintiff is WARNED that any further submission of malicious and frivolous documents in this or in any other cause will lead to a bar against all new filings and possible imposition of monetary sanctions. Plaintiff is further WARNED that any threatening or harassing communications with judges, attorneys or litigants will result in monetary sanctions and/or a bar against all new filings.**

## IV.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on March 9, 2020.

_Lee Ann Reno_
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).