UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| AL OLMSTEAD,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT E. HOPPE, et al.,<br><br>    Defendants. | No. 5:19-CV-203-H-BR |

### ORDER ACCEPTING FINDING, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Al Olmstead, proceeding pro se, filed a complaint against various defendants, alleging an extensive civil conspiracy. Magistrate Judge Reno reviewed the docket and submitted findings, conclusions, and recommendations to this Court. Dkt. No. 68. Judge Reno recommended that the Court dismiss Olmstead's complaint and impose a pre-filing injunction. Because 14 days have passed since Judge Reno entered her findings, conclusions, and recommendations, and Olmstead's subsequent filings do not contain any specific objections under Federal Rule of Civil Procedure 72(b)(2), the Court need not review any part of Judge Reno's disposition de novo. *See* Fed. R. Civ. P. 72(b)(3). The Court has examined the record and reviewed the findings, conclusions, and recommendation for clear error. Finding none, the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge. Olmstead's motions for disqualification of defense counsel and for change of venue are denied. Dkt. Nos. 47, 59. The defendants' motions to dismiss are granted. Dkt. Nos. 38, 39, 44. Further, the defendants' motion for a pre-filing injunction is granted, as outlined below. Dkt. Nos. 25, 32. Olmstead is further ordered to pay $491.95 in recoverable costs.

1. **Factual and Procedural Background**

Olmstead brings this lawsuit against several defendants, alleging civil conspiracy, embezzlement of public funds, and interference with religious freedoms through schemes that were allegedly perpetrated in Lamb County, Texas. As Judge Reno explained, Olmstead violated the Federal Rules of Civil Procedure when he filed his Fourth Amended Complaint without seeking leave of court, so the Third Amended Complaint is the live pleading in this case. *See* Dkt. No. 68 at 7–8, Dkt. No. 10.

The parties have engaged in extensive pretrial motion practice. Olmstead has asked the Court to disqualify defense attorneys Matt Matzner and Morgan Vaughan, claiming that the attorneys are engaged in an ongoing criminal conspiracy. *See* Dkt. No. 47 at 3. Further, Olmstead has requested a change in venue on the basis that there is "a continuing criminal conspiracy" that involves "US District Senior Judge Sam Cummings and his former clerk and protégé Mark W. McBrayer." Dkt. No. 59 at 1. Olmstead appears to have made this accusation while under the mistaken assumption that Judge Cummings presides over this case.

The defendants have moved to dismiss Olmstead's Third Amended Complaint for lack of subject-matter jurisdiction, arguing that claims for civil conspiracy under Texas law do not present a federal question. Dkt. Nos. 38, 39, 44. Pointing to Olmstead's abusive litigation tactics and communications, the defendants request that the Court impose a pre-filing injunction against Olmstead. Dkt. Nos. 25, 32.

Unfortunately, this case does not represent the first time that Olmstead has abused judges, attorneys, and litigants. As Judge Reno found, Judge Cummings previously dismissed two cases filed by Olmstead and warned Olmstead that future unwarranted filings

would likely result in the imposition of sanctions. See Dkt. No. 68 at 6; *Olmstead v. Pigg*, No. 5:17-CV-044-C (N.D. Tex. 2017); *Olmstead v. Klein*, No. 5:17-CV-090-C (N.D. Tex. 2017). Olmstead has also previously litigated against many of the defendants in state court, employing similar tactics and obtaining adverse results. *See* Dkt. No. 68 at 1, 8; *Thomas Stern and Lincoln Trust Co. FBO Thomas Stern v. Olmstead*, No. DCV-19469-16 (Nov. 15, 2017), 154th District Court of Lamb County, Texas. Other courts have been compelled to classify Olmstead as a vexatious litigant. *See id.*

**2.     Standards of Review**

When a party objects to a Magistrate Judge's findings, conclusions, and recommendations regarding a dispositive motion, the party must "serve and file specific written objections" to the proposed disposition. Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1). Where no such specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings, conclusions, and recommendations only for clear error. Fed. R. Civ. P. 72(b)(3); *see also Wilson v. Smith & Nephew, Inc.*, No. 3:12-CV-1063-B, 2013 WL 1880770, at *1 (N.D. Tex. May 6, 2013).

More than 14 days have passed since Judge Reno entered her findings, conclusions, and recommendations. Dkt. No. 68. The docket sheet reflects that, although Olmstead has filed additional documents with the Court, he has not filed specific written objections to the disposition. Accordingly, the Court reviews Judge Reno's findings, conclusions, and recommendations only for clear error.[1]

---

[1] The Court commends Judge Reno for her excellent and thorough analysis. As outlined below, a *de novo* review of the findings, conclusions, and recommendations would lead the Court to the same or nearly identical conclusions.

3. Analysis

    A. **Olmstead's motion to disqualify defense counsel is denied as meritless.**

Alleging that attorneys Matzner and Vaughan are participants in a criminal conspiracy, Olmstead asks the Court to disqualify them, strike pleadings they have filed, and revoke their admission to practice before the Court. Dkt. No. 47. Judge Reno found that Olmstead's allegations against the attorneys in question, which he has also deployed in an attempt to name the attorneys as defendants in this lawsuit, are wholly unsupported and constitute abusive litigation tactics. *See* Dkt. No. 68 at 11–13. The Court adopts Judge Reno's analysis and her recommendation as to this motion. Olmstead's motion to disqualify defense counsel is denied.

    B. **The Court denies Olmstead's motion for a change of venue because Olmstead has failed to make the requisite showing of bias.**

Complaining of a vast conspiracy involving all the judges of the Lubbock Division and several attorneys who practice here, Olmstead requests a change of venue to another division within this judicial district. *See* Dkt. No. 59; Dkt. No. 68 at 4. Because venue is proper in the Lubbock Division, as determined by the location of the parties and the underlying factual allegations, Olmstead's motion is effectively a request for judicial recusal. *See* Dkt No. 68 at 5.

The Court, finding no error—clear or otherwise—in Judge Reno's finding that Olmstead has failed to show the requisite bias to warrant recusal, adopts Judge Reno's analysis and denies Olmstead's motion for a change of venue. Under 28 U.S.C. § 455, a judge shall recuse himself "in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party." However, as Judge Reno noted, "bias by an adjudicator is not lightly established." *Richardson v.*

*Quarterman*, 537 F.3d 466, 474 (5th Cir. 2008) (citations omitted). Here, the basis for the alleged bias is solely the fact that this Court is located in the Lubbock Division, which Olmstead argues renders the Court a participant in the alleged conspiracy. Dkt. No. 68 at 6–7. Additionally, Olmstead warns the Court that any ruling adverse to him would constitute further proof of the Court's participation in the alleged conspiracy. *Id*. Olmstead has not shown that this Court's impartiality might reasonably be questioned or that the Court has any personal bias or prejudice concerning a party. His motion for a change of venue is denied.

      **C.**      **Olmstead's Third Amended Complaint is dismissed for lack of subject-matter jurisdiction.**

The defendants have moved to dismiss Olmstead's Third Amended Complaint under Federal Rule of Civil Procedure 12(b)(1), contending that there is no federal subject-matter jurisdiction for Olmstead's claims. Judge Reno agreed and recommended that the Court dismiss Olmstead's Third Amended Complaint for lack of subject-matter jurisdiction. Finding no error, let alone clear error, in Judge Reno's analysis and conclusion, the Court adopts Judge Reno's findings and dismisses Olmstead's Third Amended Complaint for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction. A federal court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Under 28 U.S.C. § 1331, federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To establish federal-question jurisdiction, a "plaintiff's federal law claims must appear on the face of the complaint." *McKnight v. Dresser, Inc.*, 676 F.3d 426, 430 (5th Cir. 2012) (quoting

*Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Alternatively, a plaintiff may establish diversity jurisdiction by pleading that the parties are citizens of different states and that the amount in controversy is greater than $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity among the parties, which means that "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Commercial Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 939 (5th Cir. 2018) (internal citation omitted).

Here, Olmstead has not met his burden to allege federal-question jurisdiction. His civil-conspiracy claims do not arise under federal law and cannot form the basis for federal-question jurisdiction. Although Olmstead cites 42 U.S.C. § 1985, claims under that statute that are "insubstantial and frivolous" are properly dismissed for lack of subject-matter jurisdiction. *Tiner v. Cockrell*, 756 F. App'x 482, 483 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 90 (2019) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). The Court finds that Olmstead's Section 1985 claim is insubstantial and frivolous, barring federal-question jurisdiction.

Nor has Olmstead properly alleged diversity jurisdiction. Most of the defendants in this case are either Texas corporations or individual persons domiciled in Texas. *See* Dkt. No. 10 at 3–5. Because Olmstead has alleged that he is domiciled in Texas, "all persons on one side of the controversy" are not "citizens of different states than all persons on the other side," and diversity jurisdiction is therefore absent in this case. *SGK Properties*, 881 F.3d at 939. The Court adopts Judge Reno's recommendation and dismisses Olmstead's Third Amended Complaint for lack of subject-matter jurisdiction.

**D. Exercising its inherent power to control its docket and deter frivolous filings, the Court grants the defendants' motion, imposes a pre-filing injunction against Olmstead, and dismisses the remainder of his claims with prejudice.**

Pointing to a pattern of abusive litigation tactics, the defendants request that the Court impose a pre-filing injunction against Olmstead, barring him from filing future cases in this Court. Dkt. Nos. 25, 32. Judge Reno agreed and recommended that the Court bar Olmstead from filing additional cases in any federal district court unless he first files a motion requesting leave from the Clerk of Court and includes an extensive list of information regarding his prior litigation and conduct. *See* Dkt. No. 68 at 17–18; 30. The Court adopts Judge Reno's analysis and recommendation. Olmstead is barred from filing future civil actions in any future case unless he first includes a motion requesting leave that includes the following information:

> (1) a list of all previously filed federal and state lawsuits, including the case name and number and the current status or disposition; (2) a statement of the legal issues to be raised in the proposed new pleading and whether he has raised these legal issues in any other federal or state proceedings; and if so, list the cause number of all such proceedings; (3) a statement whether he has previously sued any proposed defendant in state or federal proceedings; and if so, list the cause number of all such proceedings; (4) a notarized affidavit that certifies that (i) the legal arguments raised are not frivolous or made in bad faith, (ii) the arguments made are warranted by existing law, (iii) that the action is not interposed for any improper purpose, such as delay, harassment, or to needlessly increase the cost of litigation, and (iv) that he will comply with the Federal Rules of Civil Procedure and the Local Rules; and (5) that plaintiff is aware of the sanction warning and will keep all communications with opposing parties, the attorneys and the courts respectful.

Dkt. No. 68 at 30. Should Olmstead attempt to initiate a civil suit in any federal district court without complying with the requirements described above, the Clerk of Court is directed to discard Olmstead's documents without filing them. *See id.*

As Judge Reno noted, a district court "has the power under 28 U.S.C. § 1651(a) to enjoin litigants who are abusing the court system by harassing their opponents." *McMullen v. Cain*, A-17-CA-0103-LY, 2017 WL 4510594, at *2 (W.D. Tex. Feb. 23, 2017), report and recommendation adopted, 1:17-CV-103-LY, 2017 WL 4506814 (W.D. Tex. June 22, 2017) (quoting *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980)). The Court finds that, given the reprehensible threats that Olmstead has made against the defendants, opposing counsel, and this Court, this case warrants the exercise of the judicial power to enjoin abusive litigants.

Olmstead has engaged in a course of conduct that is unacceptable and highly disturbing to the Court. In fact, he has only increased the frequency and severity of his harassment against opposing counsel in the weeks following Judge Reno's entry of findings, conclusions, and recommendations. *See* Dkt. Nos. 77, 78. Olmstead has repeatedly expressed his intent to attack and demean opposing counsel and any judicial officer who does not immediately issue rulings in support of his spurious claims. Below is a list of the statements Olmstead has made that are most disturbing to the Court:

- "**I'm ending this bullshit** one way or another."

- **"[B]oth the judge and the magistrate judge** have passively surrendered control of this court to criminals . . . **making themselves passive conspirators** in the civil offense complained in this case."

- "[B]oth **the presiding judge and the magistrate judge** of this court have passively joined the criminal activities . . ."

- "So many lies have corrupted these proceedings that both **judge and magistrate judge are left with 'no way out' of their terminal corner** . . ."

- He refers to himself as a **"professional guerilla fighter"** and states that he will "**focus on winning the case against the true enemy, the judge**."

- "In the coming weeks and months, **I will be attacking every judge in this case** with what I'm coming to call 'the imaginary playmate rule.'"

- "**So, boys and girls, settle down for the long haul.** Everything that psychopathological thief Morgan Vaughan tries to do will be **countered by a direct attack upon the judge** via the imaginary playmate rule."

- He declares his intent "entrap a robot into a process class problem and **then kill him dead**, because we don't know how to give robots cognitive abilities that we ourselves do not possess."

- "At eighty years of age and at the end of my life, **why do I care what kind of judgments you win about the future WHEN I HAVE NO FUTURE**."

*See* Dkt. Nos. 64, 65, 77, 78. But this Court will not be cowed by Olmstead's threats, and will instead act to prevent him from visiting this sort of abuse on other opposing counsel and judges in the future. Accordingly, the Court turns to the form that sanctions against Olmstead should take.

As Judge Reno aptly explained, courts that are asked to grant a pre-filing injunction are required to craft the "least restrictive" sanction after weighing four factors: "(1) the party's history of litigation, in particular whether [the party] has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Dkt. No. 68 at 14; *see also Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008); *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993).

The Court agrees with Judge Reno's conclusion that the least restrictive sanction against Olmstead that is appropriate is the imposition of a pre-filing injunction barring Olmstead from initiating any civil litigation in a federal court without first filing a motion for leave with the Clerk of Court. The motion for leave must include an array of

information designed to notify the Clerk of Olmstead's prior abuse of the litigation system and ensure that there is a jurisdictional basis for the suit. With respect to the first factor of the analysis, Olmstead has engaged in many abusive lawsuits over the course of several years, resulting in the imposition of pre-filing sanctions against him in state court. Next, as explained in Section 3.C, the Court finds that there was no basis for Olmstead to believe that there was federal subject-matter jurisdiction for this lawsuit. Indeed, Olmstead's own words indicate that he was aware that the Court lacked jurisdiction to hear his claims but proceeded anyhow in an effort to harass the defendants. *See* Dkt. No. 68 at 15–16. Third, the burden that Olmstead's frivolous filings have unleashed on this Court has been substantial. Judges and court employees have taken significant time that would otherwise have been spent on other matters to review Olmstead's numerous filings and the notices of abusive tactics that defense attorneys have been rightfully compelled to file. Finally, the Court strongly agrees with Judge Reno's finding that no sanction lighter than the pre-filing injunction outlined above would adequately deter Olmstead. Because all four factors of the applicable analysis support the recommended pre-filing injunction, the Court adopts the recommendation and imposes the injunction.

The Court also adopts Judge Reno's recommendation that Olmstead be warned of the potential consequences if he fails to comply with the pre-filing injunction that the Court imposes today. Accordingly, Olmstead is warned that any further submission of malicious and frivolous documents in this or in any other cause will lead to a bar against all new filings and possible imposition of monetary sanctions. Olmstead is further warned that any threatening or harassing communications with judges, attorneys, or litigants will result in monetary sanctions and/or a bar against all new filings. *See* Dkt. No. 68 at 31.

## E. The Court orders Olmstead to pay $491.95 in recoverable costs to defendants Grant and Say.

Defendants Mitch Grant and Scott A. Say request that the Court award them costs under Federal Rule of Civil Procedure 41(d), which permits federal courts to award costs to defendants where a plaintiff "who previously dismissed an action in any court files an action based on or including the same claim against the same defendant." Dkt. No. 54. Judge Reno found that "the claims submitted against defendants Grant and Say are substantially the same and based on the same factual reasoning by the plaintiff, as the prior state court claims." Dkt. No. 68 at 29. The Court agrees and adopts Judge Reno's recommendation. Olmstead is ordered to pay $491.95 in recoverable costs to defendants Grant and Say. *See id*. at 31.

## F. Judge Reno's remaining findings, conclusions, and recommendations are adopted.

The Court has reviewed Judge Reno's remaining findings, conclusions, and recommendations. Finding no error, clear or otherwise, the Court adopts those findings, conclusions, and recommendations. Accordingly, the defendants' Motion to Strike Olmstead's Fourth Amended Complaint is granted. As the Third Amended Corrected Complaint does not name the prior defendants to this lawsuit who filed an answer to the Third Amended Complaint, Olmstead's request to voluntarily dismiss these defendants is denied. *See id*. at 30. Olmstead's Motion to Withdraw of Motion for Voluntary Dismissal Against Defendants Grant and Say is granted. Dkt. No. 54.

## 4. Conclusion

The Court adopts the report and recommendation of the United States Magistrate Judge. Olmstead's claims are dismissed for lack of federal subject-matter jurisdiction. The

Court imposes a pre-filing injunction against Olmstead, barring him from initiating future litigation in federal court unless he first complies with the requirements set out above. Olmstead is further ordered to pay $491.95 in recoverable costs to defendants Grant and Say.  After the Court enters judgment by a separate document, the Clerk of Court is directed to terminate this case.

    So ordered on March 27, 2020.

                                              JAMES WESLEY HENDRIX
                                              UNITED STATES DISTRICT JUDGE